UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON STUDIOS LLC,<br><br>                      Plaintiff(s),<br>    v.<br><br>CONTENT DELIVERY AND SECURITY ASSOCIATION, INC.,<br><br>                      Defendant(s). | CASE NO. C24-1789-KKE<br><br>ORDER GRANTING MOTION FOR LEAVE TO WITHDRAW REPRESENTATION |

      This action involves a dispute regarding a contract between Plaintiff/Counterclaim-Defendant Amazon Studios LLC and Defendant/Counterclaim-Plaintiff Content Delivery and Security Association, Inc. ("CDSA"). Dkt. Nos. 1, 5. After CDSA informed its counsel that it could not continue to pay for legal services, CDSA's counsel filed a motion for leave to withdraw representation. Dkt. No. 28. CDSA consents to the withdrawal and states that it will likely cease to operate as a result of this lawsuit. *Id*. at 1; Dkt. No. 29 ¶¶ 4–6. CDSA acknowledges that as a business entity, it must be represented by counsel. Dkt. No. 29 ¶ 5. Trial is currently set to begin in December 2025, and the discovery cutoff is in July 2025. Dkt. No. 27.

Business entities other than sole proprietorships must be represented by counsel and cannot proceed *pro se*. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993); *see also* 28 U.S.C. § 1654; Local Rules W.D. Wash. LCR 83.2(b)(4). If a business entity lacks counsel, it must be dismissed from the action. *See Omni Innovations, LLC v. Ascentive, LLC*, No. C06-1284-JCC, 2008 WL 11506654, at *1 (W.D. Wash. Apr. 30, 2008) (dismissing action that left an unrepresented business entity as the sole plaintiff).

In this district, if the attorney for a business entity other than a sole proprietorship seeks leave to withdraw, the attorney must

> certify to the court that he or she has advised the business entity that it is required by law to be represented by an attorney admitted to practice before this court and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal of the business entity's claims for failure to prosecute and/or entry of default against the business entity as to any claims of other parties.

LCR 83.2(b)(4). Attorneys "will ordinarily be permitted to withdraw until sixty days before the discovery cut off date in a civil case." LCR 83.2(b)(2).

In this case, the discovery cut off is more than 60 days in the future. Dkt. No. 27. CDSA's counsel have provided the required certification and CDSA's president acknowledged counsel's notification in a declaration. *See* Dkt. No. 28 at 3; Dkt. No. 29 ¶ 6.

Because counsel's motion complies with the Local Rules, and finding good cause for withdrawal, the Court GRANTS the unopposed motion to withdraw effective immediately. Dkt. No. 28. CDSA's former counsel are directed to mail and email copies of this order to CDSA and to file proof of service on the docket.

///

///

///

As CDSA is now an unrepresented business entity, CDSA is ORDERED TO SHOW CAUSE no later than May 19, 2025, why it should not be found in default as to the claims against it and why its counterclaims should not be dismissed. The clerk is directed to mail copies of this order via U.S. Mail to CDSA at:

    1775 W. State St. #394
    Boise, Idaho 83702

Dated this 21st day of April, 2025.

_Kymberly K. Evanson_
Kymberly K. Evanson
United States District Judge