UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON STUDIOS LLC,<br><br>                    Plaintiff(s),<br>     v.<br><br>CONTENT DELIVERY AND SECURITY ASSOCIATION, INC.,<br><br>                    Defendant(s). | CASE NO. C24-1789-KKE<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR EXTENSION OF TIME AND DISMISSING COUNTERCLAIMS |

Defendant Content Delivery and Security Association, Inc. ("CDSA") recently retained new counsel after its former counsel withdrew. *See* Dkt. Nos. 31, 37. CDSA engaged counsel for a "limited representation," apparently to defend it (but not to prosecute its counterclaims). *See* Dkt. No. 35 at 1, 5; Dkt. No. 36.

While CDSA's former counsel's motion to withdraw was pending and before its current counsel was retained, Plaintiff Amazon Studios, LLC, propounded its first set of requests for admission ("RFAs") to CDSA. Dkt. No. 37 at 2. While unrepresented, CDSA requested additional time to respond to the RFAs, and Amazon Studios agreed to extend the response deadline from May 9, 2025, to May 26, 2025. Dkt. No. 38 at 3. CDSA retained its new counsel on May 8, 2025, and counsel contacted Amazon Studios to request a second extension of the deadline to respond to the RFAs. Dkt. No. 42 at 12–13. Amazon Studios responded that it would not agree to an extension of the length CDSA requested, but on May 23, 2025, indicated that it would agree to a

shorter extension to June 2, 2025, if CDSA would answer certain questions by Memorial Day (May 26, 2025). *Id*. CDSA answered those questions on May 23, 2025, but did not explicitly respond to Amazon Studios' extension offer. Dkt. No. 44 at 3.

On May 30, 2025, CDSA filed a motion to extend the RFA response deadline for 30 days from whenever the Court grants the motion. Dkt. No. 37, Dkt. No. 37-1. Amazon Studios opposes the motion, emphasizing that because its offer to extend the response deadline was never accepted, the response deadline was May 26, 2025, and therefore the RFAs should be deemed admitted. Dkt. No. 41. Amazon Studios characterizes CDSA's motion for extension of time as untimely because if the responses were due on May 26, then a motion filed on May 30 seeking to extend an expired deadline is improper. *Id*. at 3–4.

Federal Rule of Civil Procedure 36(a)(3) permits the Court to extend the standard 30-day response deadline for RFAs. The Court finds good cause to do so here because CDSA interpreted its response to Amazon Studios' demand for answers to certain questions as a tacit acceptance of the extension offer. Relying on this implied acceptance is a risky but not altogether unreasonable position, and thus the Court finds that to the extent it can be argued that CDSA's motion was filed after the response deadline expired, it is the result of a good-faith error. Under these circumstances, the Court finds that a short extension of the RFA response deadline is appropriate. *See, e.g.*, *Lopez v. Lee*, No. 23-cv-03660-HSG, 2024 WL 4980804, at *1 (N.D. Cal. Nov. 12, 2024) (finding defendants' failure to request an extension before the RFA response deadline expired "was inadvertent and the result of a good-faith error" and therefore an extension is appropriate).

Accordingly, CDSA's motion (Dkt. No. 37) is GRANTED IN PART and DENIED IN PART: Amazon Studios' RFAs shall not be deemed admitted if CDSA serves responses no later than June 24, 2025.

And because CDSA has failed to show cause why its counterclaims should not be dismissed because it cannot prosecute them as an unrepresented business entity, the Court DISMISSES CDSA's counterclaims (Dkt. No. 11 at 10–14) for failure to prosecute. *See* Local Rules W.D. Wash. LCR 83.2(b)(4).

Dated this 17th day of June, 2025.

_____
Kymberly K. Evanson
United States District Judge